IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLMBUS DIVISION

| | | |
|---|---|---|
| TREVIS TYRELL SISTRUNK, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 4:21-cv-69-CDL-MSH |
| Sheriff GREG COUNTRYMAN, | : | |
| Defendant. | : | |

## ORDER

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Trevis Tyrell Sistrunk, a pretrial detainee currently incarcerated at the Muscogee County Jail in Columbus, Georgia, has filed an Amended Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 4). The Amended Complaint is thus the operative pleading in this case, and the claims therein are ripe for review pursuant to 28 U.S.C. § 1915A and § 1915(e). *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint). Having conducted such review, it is found that Plaintiff's claims against Defendant Countryman shall proceed for further factual development.

**PRELIMINARY REVIEW OF PLAINTIFF'S AMENDED COMPLAINT**

I. <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct

a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the

complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   <u>Factual Allegations</u>

Plaintiff's claims arise from his pretrial detention in the Muscogee County Jail ("MCJ") beginning on or about April 1, 2021. Am. Compl. 5, ECF No. 5. Plaintiff contends that during his stay at the MCJ, he was subjected to conditions of confinement that amounted to cruel and unusual punishment. More specifically, Plaintiff alleges that he "became ill because of overcrowding of the jail." *Id.* In documents attached to his Amended Complaint, he further complains about a malfunctioning urinal that would cause "nasty water" to "splash[] out of the toilet" into the immediate area, which was apparently near the dining facility. Attach. 1 to Am. Compl. 1, ECF No. 5. Plaintiff also states that he was concerned about the limited number of toilets and showers in the MCJ. *Id.* In addition, Plaintiff complained that "excessive dust" in the vents in his cell and the high

levels of carbon dioxide caused by an "unusually large" prisoner population caused him to have difficulty breathing, a sore throat, congestion, and a "sore nose." *Id.*  In addition, Plaintiff alleges there are "worms in the food" served at the jail. *Id.* at 3.  Finally, Plaintiff contends that he did not receive adequate medical care for an infected and painful tooth or when he began to exhibit symptoms of COVID-19. *See, e.g., id.* at 4.  Plaintiff contends Defendant Countryman, the Muscogee County Sheriff, is responsible for the alleged violations of his constitutional rights, and Defendant Countryman is the only named Defendant in this action.  Am. Compl. 6, ECF No. 5.[1]

   III.    Plaintiff's Claims

      A.    Conditions-of-Confinement Claims

Plaintiff first contends that Defendant Countryman was deliberately indifferent to the conditions of Plaintiff's confinement.  Conditions of confinement imposed prior to conviction are reviewed pursuant to the Fourteenth Amendment's Due Process Clause rather the Eighth Amendment's Cruel and Unusual Punishment Clause, which is applicable to convicted prisoners. *Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985).  The standard with respect to providing pretrial detainees with basic necessities while incarcerated, however, is the same standard as required by the Eighth Amendment for

---

[1] The Court notes that Plaintiff has filed another case alleging that he has not been provided with appropriate dental care that was recently dismissed as duplicative of the above-pending action. *See generally* Order, *Sistrunk v. Mitchell*, ECF No. 7 in Case No. 4:21-cv-00087-CDL-MSH (M.D. Ga. Sept. 14, 2021).  If Plaintiff wishes to amend his Complaint to include Defendant Mitchell or any other individual who he believes is responsible for failing to provide him with adequate dental care, he should file a motion to amend in this case pursuant to Federal Rule of Civil Procedure 15.

4

convicted persons. *Id.* at 1574. Thus, to state a conditions-of-confinement claim, a prisoner must show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993). A prisoner must also show that prison officials had the requisite state of mind, *i.e.*, that the officials knew of the excessive risk to inmate health or safety and disregarded that risk. *See Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999).[2]

Construing Plaintiff's Amended Complaint liberally and taking his allegations as true, as the Court must at this time, Plaintiff has alleged that he was exposed to poor air quality in his cell, vents clogged with dust, worms and maggots in his food, and unsanitary conditions in the dining facility and restrooms. Attach. 1 to Am. Compl. 1, ECF No. 5. In addition, Plaintiff alleges that he was forced to sleep on the floor and urinate in a cup in his cell because there are not enough restrooms to accommodate the number of prisoners in the jail. *Id.* at 9, 17. Plaintiff additionally suggests that the overcrowding at the jail exposed

---

[2] The Eleventh Circuit recently indicated that it will continue to use the subjective deliberate indifference standard unless a pretrial detainee is asserting an excessive force claim. *See Swain v. Junior*, 961 F.3d 1276, 1285 n.4 (11th Cir. 2020).

him to COVID-19. *See, e.g., id.* at 18. Plaintiff also alleges that he suffered adverse health effects as a result of his exposure to these conditions, that he filed as many as 100 complaints with jail officials about these conditions, and that at least some of those complaints were directed to Defendant Countryman himself. *See, e.g., id.* at 13, 15, 18. At this very early stage of the litigation, the Court cannot say that Plaintiff's claims are necessarily frivolous. *See, e.g., Hamm*, 774 F.2d at 1575 ("In assessing claims of unconstitutionally overcrowded jails, courts must consider the impact of the alleged overpopulation on the jail's ability to provide such necessities as food, medical care, and sanitation."). Plaintiff's conditions-of-confinement claims shall therefore proceed for further factual development.

### B.  Medical Treatment Claims

Plaintiff also alleges that Defendant Countryman is responsible for failing to ensure that Plaintiff's medical and dental needs were properly addressed. A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs—including dental needs—can state a constitutional claim. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *Goodman*, 718 F.3d at 1331 n.1. "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow*, 320 F.3d at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need" and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006)

(per curiam).  For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).  A "serious medical need" may also exist when "a delay in treating the need worsens the condition."  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009).  A jail official who is not a medical professional can be deliberately indifferent to an inmate's serious medical needs if the jail official knows that the inmate requires medical treatment and also has reason to know that the inmate is not being treated appropriately by jail medical staff.  *See, e.g., Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (supervisory prison official showed deliberate indifference to prisoner's serious medical need by failing to respond to her complaint that she had been leaking amniotic fluid for more than a week, that her condition had grown worse, and that she needed to see an obstetrician); *McElligott v. Foley*, 182 F.3d 1248, 1257-58 (11th Cir. 1999) (deliberate indifference may be shown where prison officials know a course of treatment is largely ineffective but decline to do anything more to attempt to improve a prisoner's medical condition).

     In this case, Plaintiff alleges that he was suffering from "unbearable" tooth pain that worsened "daily."  Attach. 1 to Am. Compl. 16, ECF No. 5.  Plaintiff further alleges that the pain continued even after he received treatment from the prison dentist because the dentist merely placed a filling over his broken and decayed tooth "without even doing an xray or cleaning the cavity."  *Id.* at 13.  In addition, Plaintiff alleges that he sought "emergency" medical treatment on more than one occasion because he was experiencing

symptoms of COVID-19, to include chest pain and shortness of breath, without receiving what he deems to be adequate treatment. *Id.* at 17. The documents attached to Plaintiff's Amended Complaint further indicate that Plaintiff complained repeatedly to Defendant Countryman about his dental pain and COVID symptoms but to no avail. *See, e.g., id.* For purposes of preliminary screening, these allegations are sufficient to allow Plaintiff's medical treatment claim against Defendant Countryman to proceed for further factual development.

    IV.    <u>Conclusion</u>

For the foregoing reasons, the undersigned cannot conclude that Plaintiff's allegations, when taken as true and liberally construed, are necessarily frivolous. As such, his claims against Defendant Countryman shall proceed for further factual development.

**ORDER FOR SERVICE**

Having found that Plaintiff's allegations against Defendant Countryman requires further factual development, it is accordingly **ORDERED** that service be made on this Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The

Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each

party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED** this 29th day of September, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE