IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TREVIS TYRELL SISTRUNK, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:21-CV-69-CDL-MSH |
| Sheriff GREG COUNTRYMAN, *et al.* | : | |
| Defendants. | : | |

**ORDER**

Before the Court is *pro se* Plaintiff Trevis Tyrell Sistrunk's motion for voluntary dismissal (ECF No. 45) and Defendant Countryman's motion for summary judgment (ECF No. 29). For the reasons stated below, Plaintiff's motion for voluntary dismissal is granted and Defendant Countryman's motion for summary judgment is denied as moot.

The Court received Plaintiff's complaint on April 28, 2021 (ECF No. 1) and amended complaint on June 18, 2021 (ECF No. 5). On March 31, 2022, Defendant Countryman moved for summary judgment (ECF No. 29). On April 15, 2022, the Court ordered Defendant Mitchell to file an answer or other responsive pleading by May 5, 2022. Order 1, ECF No. 42. Also on April 15, 2022, the Court received Plaintiff's response to Defendant Countryman's motion for summary

judgment (ECF No. 43). On April 19, 2022, however, the Court received Plaintiff's notice of change of address and motion for voluntary dismissal (ECF No. 45). Defendant Countryman replied to Plaintiff's response (ECF No. 47) on April 29, 2022.

Rule 41 of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action without the court's permission if no answer or summary judgment motion has been filed. Fed. R. Civ. P. 41(a)(1). However, once a defendant has answered or moved for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[A] voluntary dismissal by leave of court under Rule 41(a)(2) after a summary judgment motion is filed is deemed to be without prejudice unless otherwise ordered." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). The possibility of a future lawsuit is not enough to demonstrate prejudice. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original).

Moreover, a district court may "prevent prejudice to the defendant in such cases by attaching conditions to the dismissal" such as "the payment of costs to the defendant should the plaintiff later refile." *Pontenberg*, 252 F.3d at 1258, 1260.

Although he does not provide reasoning, it appears Plaintiff seeks dismissal because he is no longer confined in the unconstitutional conditions of which he complained. Mot. for Dismissal 1, ECF No. 45; *see also* Am. Compl. 5, ECF No. 5. Because Defendant Mitchell has not filed an answer or other responsive pleading, dismissal of Defendant Mitchell is proper under Rule 41(a)(1). Defendant Countryman, on the other hand, has sought summary judgment (ECF No. 29). Nevertheless, he does not oppose Plaintiff's motion but argues the Court should grant his motion for summary judgment in light of Plaintiff's request for dismissal. Def. Countryman's Reply 1, ECF No. 47. A court's granting of a motion for voluntary dismissal, however, moots a pending motion for summary judgment. *See Powell v. Sheffield*, No. 5:18-CV-415-MTT, 2020 WL 448233, at *4 n.8 (M.D. Ga. Jan. 28, 2020).

Accordingly, Plaintiff's motion to dismiss (ECF No. 45)

3

is granted and his amended complaint (ECF No. 5) is dismissed without prejudice. Additionally, Defendant Countryman's motion for summary judgment (ECF No. 29) is denied as moot.[1] Should Plaintiff reassert his claims against Defendants in any subsequent action, he will be required to pay costs to Defendants.

    SO ORDERED, this 4th day of May, 2022.

                                      S/Clay D. Land
                                      CLAY D. LAND
                                      U.S. DISTRICT COURT JUDGE
                                      MIDDLE DISTRICT OF GEORGIA

---

[1] Also pending before the Court are Plaintiff's motion for an extension of time (ECF No. 37) and motions to compel (ECF Nos. 38, 44). Considering the Court's dismissal of this action, these motions are denied as moot.